Ben Travis (State Bar No. 305641)
ben@bentravislaw.com
**BEN TRAVIS LAW, APC**
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: 619-353-7966

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOVANNI WILLIAMS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PHOENIX RETAIL, LLC d/b/a EXPRESS,<br><br>    Defendant. | Case No. 8:26-CV-00939<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

- 1 -
CLASS ACTION COMPLAINT

### INTRODUCTION

1.     Plaintiff Geovanni Williams ("Plaintiff") brings this class action against Phoenix Retail, LLC d/b/a Express ("Express" or "Defendant") for violations of California's Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1750 *et seq*; California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq.; and California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, et seq. Plaintiff files this action on behalf of himself and all others similarly situated, and makes the following allegations based upon personal knowledge as to his own acts, and upon information and belief as to all other matters, formed after a reasonable inquiry by his counsel.

2.     This action challenges Express's practice of imposing a hidden handling charge on consumers who purchase merchandise through its website at www.express.com (the "Website"). When a consumer browses the Website, Express displays product prices that do not reflect the full cost of the transaction. It is not until the consumer has selected an item, chosen a size, added the product to a bag, purchased the item, and receives a purchase confirmation email that Express informs them that the Shipping fee was actually a "Shipping & Handling" fee, which includes internal handling costs that California law requires to be disclosed in the advertised price.

3.     The California legislature enacted Senate Bill 478, effective July 1, 2024, to eliminate precisely this kind of drip pricing. The amended CLRA permits retailers to exclude genuine postage or carriage charges from an advertised price, but it does not extend that exception to handling fees. The California Attorney General has confirmed: handling charges "must be included in the advertised price."

4.     Express's own website makes no secret of the fact that its "Shipping & Handling" charge encompasses far more than mere postage. Express's shipping policy page states that its charges "include order processing, item selection, packaging and

CLASS ACTION COMPLAINT

transportation of items."[1] Three of those four enumerated components (order processing, item selection, and packaging) are classic handling activities that have nothing to do with the cost a carrier charges to transport a parcel.

5. Express further demonstrates the discretionary character of this charge through its promotional structure. Express waives the "Shipping & Handling" fee for orders totaling $75 or more and eliminates the fee entirely for consumers who hold an Express A-List Credit Card. A charge that a retailer can waive at will as a marketing incentive is not an unavoidable pass-through of carrier postage, but rather it is an internal cost of business.

6. Plaintiff seeks injunctive relief, restitution, disgorgement and recovery of reasonable attorneys' fees and costs on behalf of himself and all similarly situated California consumers.

## **PARTIES**

7. Plaintiff Geovanni Williams is a natural person and, at all times relevant to this action, a citizen and resident of Irvine, California.

8. Defendant Phoenix Retail, LLC d/b/a Express is a Delaware limited liability company with its principal place of business at 1 Express Drive, Columbus, Ohio 43230. Express is the successor to Express, Inc., which converted its corporate structure following a Chapter 11 reorganization in 2024. Express operates the Website www.express.com, through which it sells apparel, accessories, and related merchandise directly to consumers throughout the United States, including in California. Express also maintains retail store locations in California. Express is registered to do business in the State of California and regularly transacts business with California consumers through its Website.

---

[1] *Shipping & Handling*, EXPRESS, https://www.express.com/g/shipping-handling (last visited Apr. 8, 2026).

CLASS ACTION COMPLAINT

**JURISDICTION AND VENUE**

9.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). This is a class action in which the putative Class exceeds 100 members, the aggregate amount in controversy exceeds $5,000,000 exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

10.     This Court has personal jurisdiction over Express because Express conducts substantial business in the State of California. Express sells merchandise to California residents through its Website as part of its ordinary course of business, collects the fees at issue in this action from California consumers, maintains brick-and-mortar retail stores in California, and directs advertising to California residents through digital and traditional marketing channels.

11.     Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

**FACTUAL BACKGROUND**

*A.  California's Ban on Drip Pricing*

12.     On October 7, 2023, Governor Newsom signed Senate Bill 478 into law. Effective July 1, 2024, SB 478 added subdivision (a)(29) to California Civil Code § 1770, making it unlawful to "[a]dvertis[e], display[], or offer[] a price for a good or service that does not include all mandatory fees or charges" except for two narrow categories: (1) "[t]axes or fees imposed by a government on the transaction," and (2) "[p]ostage or carriage charges that will be reasonably and actually incurred to ship the physical good to the consumer." Cal. Civ. Code § 1770(a)(29)(A)(i)-(ii).

13.     The legislative purpose was unambiguous. SB 478 was "intended to specifically prohibit drip pricing, which involves advertising a price that is less than

CLASS ACTION COMPLAINT

the actual price that a consumer will have to pay for a good or service."[2] The practice of revealing mandatory fees only at the tail end of a transaction was identified as a tactic that "boost[s] corporate profits at the expense of those who can least afford it."[3]

14.    The exception for shipping costs is narrow by design. It covers only the actual "postage or carriage charges" a carrier imposes to transport a package. It does not cover handling. The California Attorney General's Office has stated: "A business can exclude shipping charges, but not handling charges. . . . Like any other mandatory fee or charge, a *handling* charge must be included in the advertised price."[4] (Emphasis in original.)

15.    The rationale for this distinction is straightforward. Shipping costs, which is made up of the postage or carriage a carrier like UPS or FedEx charges to move a parcel, are imposed by third parties and vary by destination. Handling costs, by contrast, are internal expenses the retailer chooses to incur in operating its fulfillment infrastructure: labor for picking and packing orders, warehouse overhead, and packaging materials. These are part of the cost of doing business, no different from rent or electricity, and must be reflected in the advertised price.

16.    SB 478 did not create a new theory of liability out of whole cloth. The CLRA had already prohibited bait-and-switch practices. SB 478 just codified this practice with specificity.

---

[2] Office of the Attorney General, Cal. Dep't of Justice, *SB 478 Frequently Asked Questions*, https://oag.ca.gov/system/files/attachments/press-docs/SB%20478%20FAQ%20%28B%29.pdf.

[3] Office of the Attorney General, Cal. Dep't of Justice, *Attorney General Bonta Calls for California Legislature to Ban Hidden Fees (AKA Junk Fees)* (May 16, 2023), https://oag.ca.gov/news/press-releases/attorney-general-bonta-calls-california-legislature-ban-hidden-fees-aka-junk.

[4] Office of the Attorney General, Cal. Dep't of Justice, *SB 478 Frequently Asked Questions*, https://oag.ca.gov/system/files/attachments/press-docs/SB%20478%20FAQ%20%28B%29.pdf.

CLASS ACTION COMPLAINT

## B. *Express's Hidden Handling Charge*

17. Express operates a nationwide e-commerce platform at www.express.com. The Website displays thousands of apparel products such as shirts, pants, dresses, jackets, accessories, each accompanied by an advertised price. None of these advertised prices include Express's handling charge.

18. A consumer visiting the Website encounters product listings showing only the base merchandise price. No reference to any handling fee appears on the homepage, category pages, or search results.

19. When a consumer selects a product, the resulting product detail page displays the item's price, available sizes, color options, and a product description. The displayed price does not reflect any handling charge. No disclosure of such a charge appears on this page (*see* **Figure 1** below).



**Figure 1**

CLASS ACTION COMPLAINT

20.     After the consumer clicks "Add to Bag," a shopping bag summary appears. This summary shows the selected item, its displayed price, a flat shipping amount, and a subtotal. It does not reveal any handling charge. *See **Figure 2** below.*

***Figure 2***

21.     When consumers click "Checkout," they are instructed to enter contact, shipping, and payment details to place their order. Nowhere on this Checkout page does Express disclose any handling charges (*see **Figure 3** below*).

CLASS ACTION COMPLAINT



**Figure 3**

22.    Only when the consumer finally purchases their item(s), and receives a purchase confirmation email, does Express reveal that the shipping line item included a hidden "handling" charge and refers to this item for the first time as "Shipping & Handling." For Plaintiff's transaction, this bundled charge was $8.00, representing more than one-third of the $23.40 merchandise price. *See **Figure 4** below.*

CLASS ACTION COMPLAINT



**Figure 4**

23.     Express's own shipping policy page confirms that the "Shipping & Handling" fee is not limited to actual carrier postage. Express states that its charges "include order processing, item selection, packaging and transportation of items."[5] Only the last of these four enumerated components (transportation) relates to postage or carriage. The remaining three (order processing, item selection, and packaging) are handling activities: internal fulfillment costs that the retailer incurs in preparing an order for shipment.

24.     The handling component of Express's fee does not qualify for either statutory exception. It is not a tax or government-imposed fee. Cal. Civ. Code § 1770(a)(29)(A)(i). Nor is it a "postage or carriage charge[] that will be reasonably and

---

[5] *Shipping & Handling*, EXPRESS, https://www.express.com/g/shipping-handling (last visited Apr. 8, 2026).

CLASS ACTION COMPLAINT

actually incurred to ship the physical good[] to the consumer." Cal. Civ. Code § 1770(a)(29)(A)(ii). It is an internal operational cost that Express has elected to strip from its advertised product prices and impose as a separate, undisclosed surcharge after a consumer has already purchased an item.

25.     Express's own promotional behavior confirms the discretionary nature of the charge. Express offers free standard "Shipping & Handling" on all orders of $75 or more, and waives the charge entirely for holders of the Express A-List Credit Card.[6] If the fee represented only the unavoidable cost of carrier postage, Express could not afford to absorb it as a routine promotional incentive. Instead, the handling portion of the fee is a discretionary surcharge that Express uses as a lever to drive credit card sign-ups and larger basket sizes—confirming that it is an internal business cost, not a pass-through of third-party charges.

26.     Express only reveals the "Shipping & Handling" fee in a purchase confirmation email, after a consumer has already been charged for the item. By the time a consumer realizes that a handling charge was surreptitiously added to their purchase, they have already invested significant time in the purchasing process—browsing the catalog, selecting an item, choosing a size and color, entering shipping and billing details. These sunk costs create psychological friction that discourages consumers from disputing hidden fees, navigating a cumbersome return process, or beginning their purchase journey all over again at a competing retailer. This is precisely the consumer harm that SB 478 was enacted to prevent.

*C. Plaintiff Williams's Experience*

27.     On or about March 24, 2026, Plaintiff visited the Express Website and purchased an Extra Slim Abstract Vine Stretch Modern Tech 1MX Dress Shirt for a merchandise price of $23.40. After checkout, Express sent Plaintiff a purchase

---

[6] *See Free Shipping Details*, EXPRESS, https://www.express.com/g/modal/disclaimer/free-shipping-details (last visited Apr. 8, 2026).

CLASS ACTION COMPLAINT

confirmation email where it imposed a combined "Shipping & Handling" fee of $8.00 on top of the displayed merchandise price. Together with $2.43 in sales tax, the total charge was $33.83. [Express Order Number EXPR1928406981CT.] *See* **Figure 4** (repeated) below.



*Figure 4 (repeated)*

28.    The purchase experience Plaintiff encountered is substantially identical to the experience every consumer encounters on Express's Website. Regardless of the product selected, Express does not disclose its handling charge until after a consumer has purchased an item.

## CLASS ACTION ALLEGATIONS

29.    Plaintiff brings this action as a class action pursuant to Rule 23(a), (b)(2), (b)(3) and (c)(4) of the Federal Rules of Civil Procedure.

- 11 -

CLASS ACTION COMPLAINT

30.    **Proposed Class:** Plaintiff seeks to represent a class defined as all persons in the State of California who purchased any item(s) from Express's Website and were charged a handling fee (whether labeled "Shipping & Handling" or otherwise) at any time during the three years preceding the filing of this Complaint (the "Class"). Excluded from the Class are Express, its officers, directors, and members, and any entity in which Express holds a controlling interest.

31.    **Proposed Subclass:** Plaintiff further seeks to represent a subclass defined as all members of the Class who were charged such a fee on or after July 1, 2024 (the "Transparent Pricing Subclass"). The Class and the Transparent Pricing Subclass are referred to collectively as the "Classes." The same exclusions apply.

32.    **Numerosity:** The Classes are so numerous that joinder of all members is impracticable. Express is a major national apparel retailer that operates both brick-and-mortar stores and an e-commerce platform serving consumers throughout the United States. On information and belief, the Classes include tens of thousands of California consumers. The exact number and identities of Class members can be determined through Express's transaction records.

33.    **Commonality and Predominance:** Common questions of law and fact predominate over any individualized issues. These common questions include, but are not limited to: (a) whether Express's "Shipping & Handling" fee includes a handling component; (b) whether Express's failure to include the handling component in its advertised prices violates California Civil Code § 1770(a)(29)(A); (c) whether Express's practice of advertising prices that exclude the handling fee, with intent not to sell at those advertised prices, violates California Civil Code § 1770(a)(9); and (d) the appropriate form of relief.

34.    **Typicality:** Plaintiff's claims are typical of the claims of the Classes. Plaintiff and all Class members were subject to the same pricing practice: Express displayed merchandise prices that did not include any handling fee, and imposed the

fee only at after an item was purchased. Plaintiff and all Class members suffered the same type of injury arising from Express's uniform conduct.

35. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff's interests are aligned with those of the Classes, and he has retained competent counsel with experience in consumer class action litigation. Plaintiff has no conflicts with any member of the Classes.

36. **Superiority:** A class action is the superior method for resolving this dispute. The handling fee at issue in any individual transaction is modest, making it economically impractical for individual consumers to bring separate actions. A class action allows the efficient resolution of thousands of nearly identical claims in a single proceeding, conserves judicial resources, and prevents inconsistent outcomes.

## FIRST CAUSE OF ACTION

### Violation of California Civil Code § 1770(a)(9)

(On Behalf of the Class)

37. Plaintiff incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

38. Plaintiff brings this cause of action on behalf of himself and all members of the Class.

39. Plaintiff and the other Class members are "consumers" as the term is defined by California Civil Code § 1761(d), because he and they purchased products from Defendant for personal, family or household purposes.

40. Plaintiff and Defendant, and the other Class members and Defendant, have engaged in "transactions" as that term is defined by California Civil Code § 1761(e).

41. The conduct alleged in this complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

- 13 -
CLASS ACTION COMPLAINT

42.    California Civil Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised."

43.    Express advertised and displayed specific prices for its merchandise on the Website. Express did so with the intent not to sell those products at the displayed prices. Instead, Express intended to—and did—charge consumers an additional fee that was not reflected in the advertised price. The true cost of every transaction was higher than the price Express displayed.

44.    Plaintiff and Class members were harmed because they paid a fee that was not disclosed at the time Express advertised the price of its products. By concealing the handling component of the "Shipping & Handling" fee, Express prevented Plaintiff and Class members from accurately comparing Express's prices with those of competing retailers, suppressing price competition and causing consumers to pay more than they anticipated.

45.    Plaintiff and Class members relied on Express's displayed prices in deciding to purchase products from the Website. No reasonable consumer would expect that the prominently displayed merchandise price would be supplemented by an undisclosed fee beyond lawful sales tax and actual carrier shipping costs.

46.    Express's conduct was willful, knowing, and undertaken with reckless disregard for consumers' rights. Express designed its checkout flow to hide a handling fee and maximize purchase completions. The hidden fee is disclosed only in a purchase confirmation email, exploiting the time and effort consumers have already invested in their transaction.

47.    On behalf of himself and the Class, Plaintiff seeks injunctive relief to halt Express's unlawful practices and an award of reasonable attorneys' fees and costs. Cal. Civ. Code § 1780.

//

//

//

- 14 -

CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION

### Violation of California Civil Code § 1770(a)(29)(A)

(On Behalf of the Transparent Pricing Subclass)

48.    Plaintiff incorporates by reference paragraphs 1-36 as though fully set forth herein.

49.    Plaintiff brings this cause of action on behalf of himself and all members of the Transparent Pricing Subclass.

50.    Plaintiff and the other Transparent Pricing Subclass members are "consumers" as the term is defined by California Civil Code § 1761(d), because he and they purchased products from Defendant for personal, family or household purposes.

51.    Plaintiff and Defendant, and the other Transparent Pricing Subclass members and Defendant, have engaged in "transactions" as that term is defined by California Civil Code § 1761(e).

52.    The conduct alleged in this complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

53.    Effective July 1, 2024, California Civil Code § 1770(a)(29)(A) makes it unlawful to "[a]dvertis[e], display[], or offer[] a price for a good or service that does not include all mandatory fees or charges" other than government-imposed taxes or fees and actual postage or carriage charges.

54.    Express violated this provision by advertising, displaying, and offering prices for merchandise on its Website that did not include the handling component of the "Shipping & Handling" fee. The handling charge is a "mandatory fee[] or charge[]" that consumers are required to pay in order to complete their purchase from the Website. Cal. Civ. Code § 1770(a)(29)(A).

CLASS ACTION COMPLAINT

55.     The handling charge does not fall within either statutory exception. It is not a tax or government-imposed fee. Nor is it "postage or carriage charge[] that will be reasonably and actually incurred to ship the physical good[] to the consumer." Cal. Civ. Code § 1770(a)(29)(A)(ii). Express's own shipping policy confirms that the fee encompasses "order processing, item selection, packaging and transportation of items"—activities that are predominantly internal fulfillment operations, not carrier charges.

56.     Plaintiff and Transparent Pricing Subclass members were injured because they paid Express's unlawfully concealed fee. The total cost of their purchases was not disclosed at the outset of the transaction, in violation of California Civil Code § 1770(a)(29)(A).

57.     Plaintiff and Transparent Pricing Subclass members were further injured because the concealment of the true cost deprived them of the ability to make informed purchasing decisions. Consumers who were unaware of the handling fee could not meaningfully compare Express's all-in price with prices offered by competing retailers.

58.     On behalf of himself and the Transparent Pricing Subclass, Plaintiff seeks injunctive relief and an award of reasonable attorneys' fees and costs. Cal. Civ. Code § 1780.

## THIRD CAUSE OF ACTION

### Violation of California's False Advertising Law
### (Cal. Bus. & Prof. Code §§ 17500, *et seq.*)

(On Behalf of the Class)

59.     Plaintiff incorporates by reference paragraphs 1-36 as though fully set forth herein.

60.     The False Advertising Law prohibits making any false or misleading advertising claim.

- 16 -
CLASS ACTION COMPLAINT

61.     Defendant makes false and misleading advertising claims by advertising one price and then tacking on a handling fee later.

62.     In reliance on these false and misleading advertising claims, Plaintiff and the Class members purchased products from Defendant without knowledge of the true cost that they were going to have to pay.

63.     Defendant knew or should have known that its representations and omissions were likely to deceive consumers.

64.     As a result, Plaintiff and the Class members seek injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

## FOURTH CAUSE OF ACTION

### Violation of California's Unfair Competition Law

### (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

(On Behalf of the Class)

65.     Plaintiff incorporates by reference paragraphs 1-36 as though fully set forth herein.

66.     By committing the acts and practices alleged herein, Defendant has violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, as to the Class as a whole, by engaging in unlawful, fraudulent, and unfair conduct.

67.     **Unlawful Conduct**. Defendant has violated the UCL's proscription against engaging in unlawful conduct as a result of violations of the CLRA, Cal. Civ. Code § 1770(a)(9) and (a)(29) and the FAL, as alleged above.

68.     **Unfair Conduct.** Defendant's acts and practices described above also violate the UCL's proscription against engaging in unfair conduct.

CLASS ACTION COMPLAINT

69. Plaintiff and the other Class members suffered a substantial injury by virtue of buying products that they would not have purchased absent Defendant's unlawful, fraudulent, and unfair practice of not disclosing the true cost upfront.

70. There is no benefit to consumers or competition from concealing the true cost, other than to increase Defendant's own profits.

71. The gravity of the consequences of Defendant's conduct as described above outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and such conduct is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Plaintiff and the other Class members.

72. **Fraudulent Conduct**. Defendant's acts and practices described above also violate the UCL's proscription against engaging in fraudulent conduct.

73. The representations and omissions constitute "fraudulent" business acts and practices because they are false and misleading to Plaintiff and the Class members.

74. Defendant's representations and omissions deceived Plaintiff and the Class members about the true cost of the products.

75. Defendant knew or reasonably should have known that its statements and omissions about the cost of the products were likely to deceive consumers.

76. Plaintiff and the other Class members suffered a substantial injury by virtue of buying products that they would not have purchased absent Defendant's unlawful, fraudulent, and unfair conduct.

77. Plaintiff and the other Class members had no way of reasonably knowing that they were going to be charged an extra handling fee. Thus, they could not have reasonably avoided the injury each of them suffered.

78. Defendant's violations of the UCL continue to this day. Pursuant to California Business and Professions Code § 17203, Plaintiff and the Class seek an order of this Court that includes an order requiring Defendant to:

CLASS ACTION COMPLAINT

a. Refrain from adding an extra fee on purchases without disclosing the fee upfront;

b. Provide restitution to Plaintiff and the other Class members;

c. Disgorge all revenues obtained as a result of violations of the UCL; and

d. Pay Plaintiff's and the Class's attorneys' fees and costs.


## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Classes, respectfully requests that this Court enter judgment as follows:

A. Certify the Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure, appoint Plaintiff as Class representative, and appoint Plaintiff's counsel as Class Counsel;

B. Declare that Express's conduct, as described herein, violates California Civil Code §§ 1770(a)(9) and 1770(a)(29)(A), the UCL and FAL;

C. Enter judgment in favor of Plaintiff and the Classes on each cause of action asserted herein;

D. An award of restitution for Class members;

E. An award of disgorgement for Class members;

F. Permanently enjoin Express from advertising, displaying, or offering prices for goods on its Website that fail to include all mandatory fees or charges, including any handling fee;

G. Award Plaintiff and the Classes their reasonable attorneys' fees and costs of suit; and

H. Grant such other and further relief as this Court deems just and proper.

CLASS ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims and issues so triable.

Dated: April 13, 2026

**BEN TRAVIS LAW, APC**

By: */s/ Ben Travis*
    Ben Travis (State Bar No. 305641)
    ben@bentravislaw.com
    12481 High Bluff Drive, Suite 300
    San Diego, CA 92130
    Telephone: 619-353-7966

*Attorney for Plaintiff*

CLASS ACTION COMPLAINT

Vinesign Document ID: 76E81F4F-4A7B-4E81-BC1F-4F509B15F49A

## VENUE AFFIDAVIT

I, Geovanni Williams, declare and state as follows:

1. I am the named Plaintiff in this action and make this affidavit pursuant to California Civil Code § 1780(d).

2. The Complaint in this action is filed in a proper place for trial of this action because Defendant is doing business in the County of Orange. Furthermore, I made a purchase from Defendant while in the County of Orange.

I declare under penalty of perjury under the laws of the state of California and the United States that the foregoing is true and correct.

Executed on _____04/13/2026_____ in Irvine, California.

GEOVANNI WILLIAMS

-1-
VENUE AFFIDAVIT

The signed document can be validated at https://app.vinesign.com/Verify